UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                              Case No. 10-10526 LMI
**B&R PROPERTY MANAGEMENT, INC.**                   Ch 11
_____/

**EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 361, 362
AND 363 AND FED. R. BANKR. P. 4001 AND 9014, FOR AN INTERIM AND
FINAL ORDER AUTHORIZING THE USE OF CASH COLLATERAL AND
GRANTING ADEQUATE PROTECTION**
**(Emergency hearing requested)**

**Statement of Exigent Circumstances**
The Debtors seek to continue to operate their business , to
preserve the value of the real estate, to preserve the estate and to
facilitate a successful reorganization or other disposition. Without the
immediate authorization to use cash collateral, the Debtors will not
be able to meet current obligations or acquire goods and services
necessary for their day-to-day operations. The Debtors believe that
a hearing on this Motion is needed as soon as possible in order for
them to continue to operate their property for this purpose.

B&R PROPERTY MANAGEMENT, INC. (the "Debtor"), by and through undersigned counsel, pursuant to 11 U.S.C. §§ 361, 362 and 363, Fed. R. Bankr. P. 4001(b) and 9014, and Local Rules 9013-1(G) and 9075-1, file this *Debtors' Motion, Pursuant to 11 U.S.C. §§ 361, 362 and 363, Fed. R. Bankr. Pr. Rules 4001(b) and 9014, and Local Rules 9013-1(G) and 9075-1 For the Entry of an Interim and Final Order Authorizing the Use of Cash Collateral and Granting Adequate Protection* (the "Motion") seeking entry of an order authorizing the use of cash, including cash collateral in which, Mercantil Commercebank (collectively, the "Lender") may claim an interest and the granting of adequate protection.   In support of this Motion, the Debtors rely upon the *budget* filed as Exhibit A hereto, and respectfully represent as follows:

**I. Jurisdiction**

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. § 1408.

**II. Background**

2. On January 11, 2010 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11, title 11, United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

3. The Debtor is operating its business and managing its affairs as debtors in possession, 11 U.S.C. §§ 1107(a) and 1108.

4. No trustee, or examiner or committee has been appointed in these Chapter 11 cases.

5. Pre-petition, the Debtor operated it business.

6. The difficulties confronting the recession, real estate values and finance issues have been widely reported in the media.  Because the Debtor could not readily sell or refinance, it commenced this Chapter 11 case to preserve the value of its assets for all constituents.  The Debtor believes that the value of the estate can be best realized through an orderly reorganization and disposition.

**III. Requested Relief and Basis Therefor**

7. By this Motion, the Debtor seeks the entry of an interim Order (the "Interim Order") authorizing, use of  "Cash Collateral" (as that term is defined in Section 363(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code")).  The filing of this Motion does not

constitute an admission by the Debtors' that any of the Lenders hold valid liens on the Debtors' cash. The Debtors reserve the right to contest the validity, priority and extent of each Lenders' liens as well as the amount of each of the Lenders' claims.

8. An immediate and critical need exists for the Debtors to be permitted access to Cash Collateral to continue to operate. Therefore, the Debtor seeks an preliminary hearing (the "Preliminary Hearing") in accordance with Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"). At the Preliminary Hearing, the Debtors will seek entry of an Interim Order. , in compliance with the budget attached hereto as **Exhibit A** (the "Budget") and in order to, *inter alia*, pay wages, other direct operating expenses, to preserve the value of their assets so as to avoid immediate and irreparable harm to their estates, and to afford the Debtors adequate time to negotiate and seek approval for additional cash collateral use, subject to and within the limits imposed by the mutually agreed upon Budget.

9. By this Motion, the Debtor further seeks a final hearing (the "Final Hearing") on this Motion, to be held no less than fifteen (15) days from service of a notice of hearing on such Final Hearing, in accordance with Bankruptcy Rule 4001(b)(2) and (3).

10. The following lenders may assert an interest in cash collateral: Mercantil Commercebank.

11. To the extent that non-bankruptcy law provides that a creditor must be able to identify cash proceeds in order to maintain an interest in them, see U.C.C. § 9-306(2), which provides in part that a "security interest continues in *identifiable* proceeds including collections received by the debtor" (emphasis added), the Debtors reserve the right to contest whether the commingled cash constitutes cash collateral under § 363(a) of the Bankruptcy Code.

12.   Debtor will use those proceeds to fund their post-petition operations in the ordinary

course of business for those purposes and in those amounts set forth in the Budget.

13. As adequate protection for the use of Cash Collateral the Debtors propose to grant the Lenders replacement liens on all post-petition property that is of the same nature and type of each Lenders' pre-petition collateral.

14. Entry of the Interim Order will minimize disruption of the Debtors' business and permit the Debtors to meet payroll and other operating expenses and maintain vendor support. The use of Cash Collateral sought herein is vital to avoid immediate and irreparable harm to the Debtors' estate.

15. Absent the use of the Cash Collateral, the Debtors' estates would not have the necessary funds to satisfy their obligations. Allowing the use of the Cash Collateral, therefore, is in the best interests of the Debtors' estate and creditors.

16. The terms of the proposed use of the Cash Collateral and adequate protection arrangements are fair and reasonable under the circumstances and reflect the Debtors' exercise of prudent business judgment.

17. The Debtors believe that the relief sought in this Motion is in the best interests of the Debtors, their estates and creditors, and that the entry of the Interim Order will, *inter alia*, allow for the continued operation of the Debtors' existing business for the purposes set forth above.

### Notice of Final Hearing

18. Upon entry of the Interim Order, the Debtors will serve a copy of the Interim Order on those parties identified on the parties interested and any other entities that the Court may direct.

**WHEREFORE**, the Debtor respectfully request sthat the Court: (i) Grant this Motion; (ii) enter the Interim Order in the form attached hereto as **Exhibit B**; (iii) schedule a final hearing

on this Motion; and (iv) grant such other and further relief as the Court deems just and proper.

### Certificate Of Service

**I hereby certify** that on January 12, 2010, a true and correct copy of the foregoing was served upon all parties as indicated below, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the notice of electronic filing indicates that notice was electronically mailed to said party: Counsel for Lender: Margulies & Rones, 16105 NE 18TH Ave North Miami Beach, Florida 331624749 vrones@victorkronespa.com fax 305-940-2277.

JOEL M. ARESTY, P.A.
Counsel for Debtor
**Offices at Sailboat Cay**
**13499 Biscayne Blvd**
**STE T3 (18th Floor)**
**North Miami, FL 33181-2061**
**Phone: 305-899-9876**
**Fax: 305-723-7893**
E-mail: Aresty@Mac.com
http://www.Joelaresty.com
By:/s/ Joel M. Aresty, Esq.
Fla. Bar No. 197483

| PROPERTY ADDRESS | AMOUNT | UNIT NUMBER | TENANT NAME |
|---|---|---|---|
| 1135 N.E. 149 street | $  1,100 | House | Michael Sullivan |
| 14920 N.E. 11 Court | Vacant | | Vacant |
| 14930 N.E. 11 Court | $  700 | | Golden |
| 14940 N.E. 11 Court | Eviction | | L. Auguste |
| 14942 N.E. 11 Court | $  625 | | Henriquez |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| Total | $  2,425 | | |

**Expenses**

| | |
|---|---|
| Lawn Service | 300 |
| Sewer, water | 252 |
| Maintenance | 150 |
| Management | 200 |
| Property Taxes | 1037 |
| Insurance | 500 |
| | |
| **Total Monthly Expenses** | 2439 |

Exhibit "B"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**www.flsb.uscourts.gov**

In re:                                                     Case No. 10-10526 LMI
**B&R PROPERTY MANAGEMENT, INC.**      Ch 11
_____/

**INTERIM ORDER (I) AUTHORIZING IN PART USE OF**
**CASH COLLATERAL; (II) GRANTING ADEQUATE**
**PROTECTION; AND (III) SCHEDULING FINAL HEARING**

THIS MATTER came before the court on                 at           m in Miami, Florida, upon the *Debtors' Emergency Motion Pursuant to 11 U.S.C. §§ 361, 362 and 363 and Fed.R.Bankr.P. 4001 and 9014, For an Interim and Final Order Authorizing the Use of Cash Collateral and Granting Adequate Protection* (the "Motion") (C.P. No. 9 ) filed by the above-captioned debtor-in-possession (the "Debtor"). The Motion seeks the entry of an interim order authorizing, on an emergency and limited basis, use of "Cash Collateral" (as that term is defined in Section 363(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code")), including the Cash On Hand (as defined in the Motion), and granting adequate protection to Mercantil Commercebank (collectively, the "Lenders"). The Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  The relief requested in the Motion is in the best interests of the Debtors, their estates and creditors.  Proper and adequate notice of the

Motion and the hearing thereon has been given and no other or further notice is necessary. Accordingly, the Court **ORDERS**:

1. The Motion is **GRANTED in part**.
2. The Debtors are authorized to use Cash Collateral only on the terms and conditions set forth on the record at the hearing
3. As adequate protection for the use of Cash Collateral, the Lender is granted a replacement lien on all post-petition property of the Debtor that is of the same nature and type as Lender's pre-petition collateral.
4. Nothing in this Order shall constitute an adjudication of the validity, priority or extent of any Lender's liens, or the amount of Lender's claim.
5. Final hearing is set for                    at                    m. Any motions filed by Lender will also be considered at that same time.

# # #

Submitted by:
JOEL M. ARESTY, P.A.
Counsel for Debtor
**Offices at Sailboat Cay**
**13499 Biscayne Blvd**
**STE T3 (18th Floor)**
**North Miami, FL 33181-2061**
**Phone: 305-899-9876**
**Fax: 305-723-7893**
E-mail: Aresty@Mac.com
http://www.Joelaresty.com
By:/s/ Joel M. Aresty, Esq.
Fla. Bar No. 197483

Mr. Aresty shall serve copies to all parties in interest by CMECF or mail